UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES -- GENERAL

Case No.  **CV 11-10677-MWF (RZx)**                    Date:  **November 2, 2012**

Title:      John Lee -*v*- Janet Napolitano, et al.

PRESENT:  HONORABLE MICHAEL W. FITZGERALD, U.S. DISTRICT
JUDGE

| Rita Sanchez | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:         ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                                     None Present

PROCEEDINGS (IN CHAMBERS):  ORDER DISMISSING ACTION WITH
PREJUDICE

On October 15, 2012, the Court granted Defendants' Motion to Dismiss Plaintiff's First Amended Complaint ("FAC").  (Docket No. 21).  Plaintiff John Lee had not filed any opposition.

Significantly, this was not the first time that Lee had failed to comply with court rules and orders.  On July 3, 2012, the Court granted Defendants' Motion to Dismiss and dismissed Lee's Complaint with leave to amend.  (Docket No. 14).  Lee had not filed any opposition.  On July 18, 2012, the Court dismissed this action with prejudice because Lee had failed to file timely a FAC.  (Docket No. 15).  The Court vacated the dismissal on July 19, 2012, after Lee filed the FAC.  (Docket Nos. 18, 19).

In addition, the Motion to Dismiss the FAC appeared to be well taken in arguing that the Court lacks subject matter jurisdiction over this action.

Consequently, the Court ordered Lee to show cause, in writing, why this action should not be dismissed for failure to comply with court rules and orders and for lack of subject matter jurisdiction.  The Court warned that "[f]ailure of Lee to respond to the Order to Show Cause by the [deadline] will result in the Court's dismissing this action ***with prejudice***."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   **CV 11-10677-MWF (RZx)**                    Date:  **November 2, 2012**

Title:      John Lee -*v*- Janet Napolitano, et al.

The deadline for Lee to file a written response to the Order to Show Cause was October 29, 2012.  Lee to date has not filed any response.

The Court finds that Lee's failure to oppose the Motions to Dismiss and to file a response to the Order to Show Cause constitutes failure to prosecute and to comply with court rules and orders under Federal Rule of Civil Procedure 41(b). *See Pagtalunan v. Galaza*, 291 F.3d 639, 642-43 (9th Cir. 2002) ("In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."); *Yourish v. Cal. Amplifier*, 191 F.3d 983, 989-92 (9th Cir. 1999) (explaining factors supporting dismissal with prejudice for failure to prosecute).

Because Lee failed to follow the Court's directives and rules aimed at the timely prosecution of his case, the Court concludes that the *Pagtalunan* factors weigh in favor of dismissal of this action with prejudice.  Lee's failure to engage in the litigation he initiated hampers expeditious resolution of litigation and inhibits the Court's ability to manage its docket.  Lee has had various opportunities to prosecute this case such that a dismissal with prejudice does not unfairly impact his rights.  *See* Local Rule 41-1.

Accordingly, the action is DISMISSED WITH PREJUDICE for failure to prosecute and to comply with court rules and orders.

IT IS SO ORDERED.